## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

FRIENDS OF PLACITAS, INC., a New Mexico
Corporation, SHARON R. CHANDLER, ALLEN
COLWELL, JEAN EICHBERGER, HELEN MAUREEN
HIGHTOWER, LYNN D. MONTGOMERY, EDWARD
D. SHAFFER, FRANCES A. SOSA, AMY KING
WEBER, THOMAS WEBER and CHARLES MELLON,

        **Plaintiffs,**

v.                                        **CIV. No. CV-99-991 JP/DJS**

BOARD OF COUNTY COMMISSIONERS
SANDOVAL COUNTY and County
Commissioners EDMUND JOSEPH LANG,
WILLIAM SAPIEN, R.W. JOHNSON, PATRICIA
THOMAS and MARY HUMPHREY, in their
individual and official capacities,

        **Defendants.**


### MEMORANDUM OPINION AND ORDER

On December 6, 1999, Diamond Tail filed a "Motion to Intervene," (Doc. No. 20), under

Fed. R. Civ. P. 24(a)(2) and (b)(2). Having carefully considered the law, the briefs, and the

pleadings, I conclude that the motion should be granted.

Diamond Tail is currently developing a residential development in Sandoval County, New

Mexico, which is northeast of the town of Placitas. The residential development is accessed by

Camino del Tecolote road. In March 1998 Diamond Tail entered into a Road Agreement with

Defendant Sandoval County stating Diamond Tail's obligations to Sandoval County to make

improvements to the Camino del Tecolote road. Diamond Tail states that it entered the Road Agreement in order to receive final plat approval for Phase One of its residential development. Plaintiffs challenge the legality of the Road Agreement.

Plaintiffs and Defendants oppose intervention and argue that Diamond Tail's interests are identical to the Defendants' interests and that Diamond Tail's interests will be adequately represented by the existing parties. Diamond Tail contends that it has independent interests in the subject of this litigation and that those interests will not be adequately represented by the existing parties. Diamond Tail points out that it is mentioned at least forty times in Plaintiffs' complaint and argues that it has an interest in maintaining its goodwill, which Plaintiffs have jeopardized through their allegations of misconduct against Diamond Tail and Defendants.

### Intervention of Right: Rule 24(a)(2)

Under Rule 24(a), a party has a right to intervene in a lawsuit if four requirements are met. *Williams & Humbert Ltd. v. W. & H. Trade Marks (Jersey) Ltd.*, 840 F.2d 72, 74 (D.C. Cir. 1988). First, the application must be timely. *Id.* Second, the applicant must claim an interest in the subject of the action. *Id.* Third, the applicant must be so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest. *Id.* Finally, the applicant's interest must not be adequately represented by the existing parties. *Id.*

In the present action, Diamond Tail's timely application claims an interest in fulfilling the purpose of the Road Agreement and defending itself against allegations of wrongdoing. A party to a contract is entitled to intervene under Rule 24(a) when the validity or performance of that contract is called into question by the plaintiff's complaint. *See, e.g., Kleissler v. United States Forest Service*, 157 F.3d 964, 973 (3d Cir. 1998). Diamond Tail is situated so that disposition of

this action may as a practical matter impair or impede its ability to protect its interests in the subject of this action. If Plaintiffs prevail and their request for an injunction against road improvements on Camino del Tecolote is granted, then Diamond Tail would be unable to meet its obligations under the Road Agreement and would therefore be unable to receive final plat approval for Phase One of its residential development.

Finally, Diamond Tail's interests are not adequately represented by existing parties. Diamond Tail's interests in the Road Agreement are in its ability to fulfill a condition for development, avoid additional expense and delay, build a residential community, and maintain its good name. These interests differ from Defendants' interests, which include representing the interests of the public and defending against Plaintiffs' claims that Defendants' had an improper motive for entering into the Road Agreement. Although there may be some overlap in the interests of Defendants and Diamond Tail, Diamond Tail has met its minimal burden under Rule 24(a) of showing that representation of its interests "may be" inadequate. *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 n. 10 (1972) (citation omitted).

## Permissive Intervention: Rule 24(b)(2)

"Upon timely application anyone may be permitted to intervene in an action . . . when an applicant's claim or defense and the main action have a question of law or fact in common." Fed. R. Civ. P. 24(b)(2). In considering a motion to intervene, the district court "shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." *Id.* Permissive intervention is within the sound discretion of the district court, and its decision will not be disturbed absent a showing of clear abuse. *See* Fed. R. Civ. P. Rule 24(b); *United Nuclear Corp. v. Cranford Ins. Co.*, 905 F.2d 1424, 1427 (10th Cir. 1990).

In the instant case, Diamond Tail's timely application presents common questions of fact

regarding denials of wrongdoing involving the Road Agreement. *See SEC v. United States Realty & Improvement Co.*, 310 U.S. 434, 459 (1940) ("This provision plainly dispenses with any requirement that the intervenor shall have a direct personal or pecuniary interest in the subject of the litigation."). Diamond Tail's intervention at this early stage of litigation will not cause any delay or prejudice to the existing parties.

IT IS THEREFORE ORDERED that Diamond Tail's Motion to Intervene is GRANTED.


_____
UNITED STATES DISTRICT JUDGE